## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| | } |
| Reginald Williams | } **Case No.** |
| | } |
| Plaintiff | } **COMPLAINT FOR:** |
| | } **(1) TRADEMARK INFRINGEMENT** |
| v. | } **UNDER 15 U.S.C. §§1114 AND 1125(a);** |
| | } **(2) TRADEMARK DILUTION UNDER** |
| DFASS Brand Holdings, LLC | } **15 U.S.C. § 1125(a);** |
| | } **(3) UNFAIR COMPETITION AND** |
| Defendant | } **FALSE ADVERTISING UNDER 15** |
| | } **U.S.C. § 1125(a);** |
| | } **(4) UNFAIR COMPETITION** |
| | } **UNDER TEXAS STATE LAW;** |
| | } **(5) COMMON LAW TRADEMARK** |
| | } **INFRINGEMENT UNDER TEXAS** |
| | } **STATE LAW;** |
| | } |
| _____ | } |

Plaintiff, Reginald Williams, complains and alleges against DFASS Brand Holdings,

LLC ("Defendant") as follows.

## PARTIES

**1.**     Plaintiff, Reginald Williams ("Plaintiff"), is the owner of the Time Travel Academy Business with its address at P.O. Box 202738, Arlington, Texas 76006.

**2.**     Plaintiff owns and has used the TIME TRAVEL ACADEMY® mark, since August 1, 2005 which is now registered with the United States Patent and Trademark Office as Registration #4,313,253  and has been in continuous use of said mark since then (See Registration Certificate, Exhibit A.)

**3.**     Plaintiff filed the trademark application to register the TIME TRAVEL ACADEMY® mark on April 05, 2008 and the same was registered on April 02, 2013.

**4.**     Defendant DFASS Brand Holdings, LLC ("Defendant") is, on information and belief, a limited liability company legally organized under the laws of the State of  Florida having an address of Suite 201, 555 N.E. 185th Street, Miami, Florida 33179, and is engaged in the business of duty-free retail sales at airports in North America, Latin America and the Caribbean.

**5.**     Defendant does business within the United States.

**6.**     On information and belief, Defendant does continuous business within the Northern District of Texas.

## JURISDICTION AND VENUE

7.　　This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of Texas. This Court has subject matter jurisdiction over the federal trademark infringement, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related Texas state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

8.　　This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1338 and §1400(b) because this suit is brought under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*

9.　　This Court has personal jurisdiction over the Defendant pursuant 28 U.S.C. § 1332.

*10.*　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant operates its business in this judicial district and therefore a substantial part of the events or omissions giving rise to the claims occurred in this district, and because the Defendant is subject to personal jurisdiction in this district.

3

## FACTUAL BACKGROUND

**11.**     Plaintiff began the Time Travel Academy business as an online retail outlet selling books and other items related to a fictional school. It is a veteran owned business established in 2005.

**12.**     Since August 01, 2005 Plaintiff has been continuously using the TIME TRAVEL ACADEMY® trademark for his website, products and services. Plaintiff has devoted substantial time, effort and resources for the development and extensive promotion of the TIME TRAVEL ACADEMY® mark, products and services, including promotion through YouTube, Amazon, and Facebook.

**13.**     Since 2005, Plaintiff has also made and used numerous advertising videos for his products and holds five other registered trademarks for related products and services namely: "Time Travel Academy®" in class 9 (Registration #4,572,640), "Time Travelers Academy®" in class 25 ( Registration # 3,545375), "Time Travelers Academy®" in class 16 ( Registration # 4,232,289), "Time Travel Wars®" in class 16 (Registration # 4,600,572) and "Time Travel Kids®" in class 16 (Registration #4,809,361.)

**14.**     On April 05, 2008 Plaintiff filed an application for trademark registration with the United States Patent & Trademark Office ("USPTO") for the TIME TRAVEL ACADEMY® mark in class 35 and was granted registration of the mark in April 02, 2013 for "Provision of space on websites for advertising goods

4

and services; Promotion, advertising and marketing of on-line web sites; Operating

an online shopping site in the field of Movies, books, clothing, interactive videos,

time pieces, hand bags, purses, video courses, toys; Producing promotional

videotapes, video discs, and audio visual recordings; Providing a website featuring

audio and video interviews, transcripts and other educational materials all

concerning business topics".

15.    The TIME TRAVEL ACADEMY® registration is in full force and

effect on the USPTO's Principal Register, and gives rise to presumptions in favor of

Plaintiff with respect to validity, ownership, and exclusive rights to use the TIME

TRAVEL ACADEMY® mark throughout the United States.

16.    As a result of Plaintiff's long-term and widespread use of the TIME

TRAVEL ACADEMY® mark in the United States via Internet, television, radio,

and print advertising, the mark enjoys a degree of consumer recognition.

17.    In May 06, 2014, Defendant filed an application with the USPTO for

registering "Time Travel", Registration Serial #86291603 as a mark in classes 1, 6,

9, 14, 16, 18, 20, 25, 28 and 35.

18.    Upon information and belief, Defendant filed its application after

having already made a significant investment in preparation for use of the mark in

its business.

**19.**    The USPTO has refused registration of Defendant's mark on the basis of the likelihood of confusion with several already registered marks for Plaintiff.

**20.**    In particular, on September 11, 2014 the USPTO in its First Office Action, relied upon Registration No 4,572,640 for the mark "Time Travel Academy®", owned by Plaintiff  for goods in class 9 ( pre-recorded media such as CD's, videos, DVD's) and Application Serial No. 86229552, owned by Plaintiff, for Class 18 in its refusal to register Defendant's mark as confusingly similar for the same goods or services (see Office Action page 3, Exhibit B.)

**21.**    After a Letter of Protest was filed by Defendant on October 23rd, 2014, the USPTO in an Office Action dated November 4th, 2014 added Registration No. 4,313,253 for class 35 as a basis to refuse Defendant's trademark application.

The USPTO in its Office Action of November 4, 2014, recognized that Plaintiff's Trademark Registration  No. 4,313,253 is registered for " operating an online shopping site in the field of Movies, books, clothing, interactive videos, time pieces, hand bags, video courses, toys" (see Office Action page 3, Exhibit C). Whereas the applied for mark by Defendant intends to register "retail store services featuring film, key rings, eyewear, cameras, watches, timepieces, jewelry, handbags, luggage and retail accessories" (see Office Action page 3, Exhibit C).

The Examiner considered that the applied for mark encompassed services that were highly similar to those already registered under the TIME TRAVEL

ACADEMY®, and that the applied for mark by Defendant "Time Travel" was also highly similar to Plaintiff's mark  TIME TRAVEL ACADEMY®.

22.    In a third Office Action dated March 13, 2015, (See Exhibit D) the USPTO extended the refusal to Defendant's application for the goods under classes 14 and 25. The USPTO reiterated the refusal to register Defendant's trademark application for goods in class 35 on the basis of Registration No. 4,313,253, even after Defendant filed its response defending the registration.

23.     On or around October 2014, Defendant first contacted Plaintiff and attempted to coerce Plaintiff out of its Trademark Registrations.

24.    Defendant being unable to register its sought for mark, and unable to coerce Plaintiff into relinquishing its marks, on July 31st, 2015, filed Cancellation Proceedings before the Trademark Trial and Appeal Board (TTAB) to cancel Plaintiff's Trademark Registration No. 4,313,253 for TIME TRAVEL ACADEMY®.  Plaintiff believes the cancellation proceedings were filed to place additional pressure on Plaintiff, cost Plaintiff significant capital losses and to place a cloud on Plaintiff's rights its decade old exclusive use of its registered trademark and thus tortuously interfering with Plaintiff's business.

25.    Defendant claims to have expended significant resources to create a subsidiary to sell, among other things, watches, clocks, jewelry, and travel related goods with the name "Time Travel". Upon information and belief Defendant did so

while knowing of the existence of Plaintiff's valid registered Trademarks for "Time Travel Academy®".

26.     On September 25th, 2015 in the pending cancellation proceedings Defendant filed an Opposition to Registrant's Motion to Dismiss the Petition to Cancel for lack of Standing where it admitted that prior to filing their application for the mark "Time Travel" they had incurred in a significant investment in a subsidiary called "Time Travel" through which they would sell watches, clocks and jewelry (see Opposition pages 2, 5 and 6, attached as Exhibit E).

27.     On October 22, 2015 the USPTO issued an Office Action declaring a partial abandonment of Defendant's trademark application due to failure to respond to an outstanding Office Action. The partial abandonment affects class 35, the same class covered by Plaintiff Registration # 4,313,253. Defendant's application will continue forward only with classes 1, 6, 16, 20 and 28 (see Office Action attached as Exhibit J).

28.     On information and belief, Defendant has advertised for positions for a proposed store in the Denver International Airport named "Time Travel" despite being aware of Plaintiff's registered TIME TRAVEL ACADEMY®, and being aware of the USPTO refusal to register its application.  The ads can be found at www.indeed.com, www.classified.world, www.jobs.jewelers.org, www.supereva, com among others. (see Exhibit   F).   In particular, the ad published in

www.indeed.com is dated August 22, 2015. The ad published in www.jobs.jewelers.org is also dated August 22, 2015. The job openings were advertised for the "Time Travel Store" slated to open around September 1, 2015 in Denver International Airport.

29.     On September 22, 2015 Denver International Airport announced through its Facebook page the opening of the Time Travel retail store.  See screenshot of  https://www.facebook.com/denverinternationalairport, attached as Exhibit G. This opening comes well after the USPTO had repeatedly refused to register their application for "Time Travel" on the basis of likelihood of confusion with Plaintiff's trademarks. Also attached as Exhibit I press release by the Denver Airport announcing the opening of the Time Travel store. Defendant opened its store, knowing that its unregistered mark was confusingly similar to and infringed upon Plaintiff's registered marks.

30.     Also, on September 30, 2015 Defendant's announced the opening of said store through their Facebook page and in a press release on their website. See screenshot of   https://www.facebook.com/Dfass-Group, and press release, both attached as Exhibit H.

31.     Defendants' unauthorized use of "Time Travel" constitutes infringement on Plaintiff's TIME TRAVEL ACADEMY® trademark. Defendant's

use of the unauthorized word combination is likely to confuse, mislead, and deceive consumers as to the source of products available through the Defendant.

**32.**    On information and belief, Defendant knew or should know that it is engaging in all of the activities alleged in this Complaint and that the activities serve to confuse and lure potential customers for the purpose of promoting and selling Defendant's products.

**33.**    On information and belief, Defendant's actions are willful and reflect a disregard for Plaintiff's trademark rights and an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's mark.

**34.**    As of the date of this Complaint, Defendant continues to use a confusingly similar variation of the TIME TRAVEL ACADEMY® trademark, without authorization, despite the refusal by the USPTO to register its trademark, thus indicating Defendant's deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the TIME TRAVEL ACADEMY® trademarks.

## FIRST CAUSE OF ACTION

### DIRECT TRADEMARK INFRINGEMENT

**35.**    Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above, as fully and completely as if set forth herein verbatim.

10

36.     The actions of Defendant described above and specifically, without limitation, their unauthorized use of a confusingly similar variation of the TIME TRAVEL ACADEMY® trademark, in commerce to advertise, promote, market, and sell the Defendant's products throughout the United States including Texas, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a). By reason of the foregoing acts, Defendant is liable for trademark infringement under 15 U.S.C. § 1114

37.     The actions of Defendant, if not enjoined, will continue. Plaintiff will suffer damages consisting of, among other things, diminution in the value of and goodwill associated with the TIME TRAVEL ACADEMY® mark and its exclusivity, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

38.     Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of misappropriation of Plaintiff's exclusive rights, causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

## TRADEMARK DILUTION

**39.**     Plaintiff realleges and incorporates herein the allegations contained in paragraphs above, as fully and completely as if set forth herein verbatim.

**40.**     The actions of Defendant described above and specifically, without limitation, its unauthorized use of a confusingly similar variation of the TIME TRAVEL ACADEMY® trademark, in commerce to advertise, market, and sell Defendant's products throughout the United States including Texas, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

**41.**     The actions of Defendant, if not enjoined, will continue. Plaintiff will suffer damages consisting of, among other things, diminution in the value of and goodwill associated with the TIME TRAVEL ACADEMY® mark and its exclusivity, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c).

**42.**     On information and belief, the actions of Defendant described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, including profits made by Defendant on sales of Defendant's products with the use of the mark and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION AND FALSE ADVERTISING

**43.**     Plaintiff realleges and incorporates herein the allegations contained in paragraphs above, as fully and completely as if set forth herein verbatim.

**44.**     Defendant has engaged in false and misleading representations and omissions of material fact and has engaged in deceptive conduct by representing to consumers that it can legally use Plaintiff's mark.

**45.**     Defendant's actions described above and specifically, without limitation, Defendant's use of a variation of the TIME TRAVEL ACADEMY® trademark, in commerce to advertise, market, and sell Defendant's products throughout the United States including Texas; its misrepresentations regarding its products; and Defendant's knowledge, participation, and inducement thereof, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

**46.**     Customers are likely to be misled and deceived by Defendant's representations due to the use of a confusingly similar variation of the Plaintiff's mark on Defendant's products.

**47.**     Defendant knew or should have known that its statements were false or likely to mislead.

**48.**     As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and

unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

49.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an accounting for profits made by Defendant on sales of its products using the Plaintiff's mark, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

## TEXAS UNFAIR COMPETITION

50.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs above, as fully and completely as if set forth herein verbatim.

51.    Plaintiff has been using the mark in commerce since 2005, thus proving to be the senior user of the mark.

52.    Further, Defendant's store "TIME TRAVEL" is a similar variation of Plaintiff's registered mark and is likely to confuse the public.

53.    Defendants' actions described above and specifically, without limitation, Defendants' use of a confusingly similar variation of the TIME TRAVEL

ACADEMY® trademark, in commerce to advertise, market, and sell jewelry, watches, etc., throughout the United States and Texas; and Defendant's knowledge, participation, and inducement thereof, constitute and unfair competition in violation of the common laws of the State of Texas.

54.    As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## FIFTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

55.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs above, as fully and completely as if set forth herein verbatim.

56.    The actions of Defendant described above and specifically, without limitation, its unauthorized use of a confusingly similar variation of the TIME TRAVEL ACADEMY® trademark, in commerce to advertise, promote, market, and sell its products throughout the United States including Texas, constitute trademark infringement in violation of the common law of the State of Texas.

57.    The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages consisting of, among other things, diminution in the value of and goodwill associated with the TIME TRAVEL ACADEMY® mark, and injury to Plaintiff's business.

15

**58.**     As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court enter judgment against Defendant as follows:

**59.**     For judgment that U.S. Trademark Registration No. 4,313,253 remains valid and is infringed by Defendant:

**60.**     That, pursuant to 15 U.S.C. § 1117, Defendant be liable for each of the various causes of action alleged herein and be held liable  for all damages suffered by Plaintiff resulting from the acts alleged herein:

**61.**     That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq*. and federal law and Texas common law; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

**i.**     using "Time Travel" or any mark confusingly similar to the Plaintiff's TIME TRAVEL ACADEMY® mark, in connection with the marketing, promotion, advertising, sale, or distribution of any of Defendant's products or services;

16

**ii.**   directly or indirectly engaging in false advertising or promotions of Defendant's products;

**iii.**   making any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of Defendant's products by making false representations regarding Plaintiff's products;

**iv.**   and be required to deliver up for destruction, all goods, advertising and signage using the infringing mark.

**62.**   That Defendant file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

**63.**   That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of either Defendant's products or Plaintiff's TIME TRAVEL ACADEMY® products, including without limitation:

**i.**   the sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to, Google and Yahoo!, requesting that Defendants' keyword advertising and sponsored advertisements be removed from their search engines;

17

**ii.**   the placement of corrective advertising on Defendants' websites informing consumers of their prior misrepresentations regarding association with Plaintiff;

**64.**   That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent an association with the Plaintiff and Plaintiff's products;

**65.**   That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' false and misleading statements;

**66.**   That Plaintiff be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

**67.**   That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

**68.**   That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's misappropriation of Plaintiff's mark;

**69.**   For a finding that this is an exceptional case based, at least in part, on the submissions heretofore filed in this Court, with an award of attorney fees;

**70.**   For an award of taxable costs Plaintiff against Defendant;

**71.**   That Plaintiff be granted costs associated with the prosecution of this action; and

**72.**   For such other and further relief as to the Court appears just and proper.


## JURY DEMAND

**1.**   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

October 29th, 2015                          Respectfully submitted,

                                            _____/s/ Joseph J. Zito____
                                            Joseph J. Zito
                                            Washington DC Bar No. 410913
                                            DNL ZITO
                                            1250 Connecticut Ave, N.W.
                                            Suite 200
                                            Washington, D.C. 20036
                                            Tel: 202-466-3500
                                            jzito@dnlzito.com


                                            Attorney for Plaintiff

19